1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ALAN KHIGER, | Case No. 2:14-cv-512-LDG-PAL |
|     Plaintiff, | ORDER |
| v. | |
| STATE OF NEVADA; et al., | |
|     Defendants. | |

The court has read and considered the following motions and briefing, and no persuasive argument having been raised, therefore,

The court will grant defendant Zev Lagstein's motion to dismiss (#27, opposition #35, reply #36). Plaintiff has not plead facts which allege damages in the jurisdictional amount of $75,000.

The court will grant Bank of America's motion to dismiss without prejudice (#29, response #48, reply #51). Plaintiff lacks standing. Plaintiff filed his response to Bank of America's motion to dismiss well past the deadline without providing cause. Even if plaintiff's response were timely, his allegations relate solely to Amazing Chiropractic, Inc.'s ("Amazing") Bank of America bank account, which does not belong to plaintiff personally. The court will grant plaintiff 45 days in which to file a second amended complaint adding Amazing Chiropractic, Inc., as a plaintiff. However, Amazing Chiropractic, Inc., as a corporation, may only appear through counsel. If a second amended complaint curing the standing issue is not timely filed, the court will dismiss Bank of America with prejudice.

The court will grant defendant R.H. Donnelley Inc., d/b/a Dex's motion to dismiss (#42, response #52, reply #54).  Plaintiff's response to Dex's motion to dismiss was filed past the deadline, and he provided no cause for his untimeliness.  Even if plaintiff had timely filed his response, pursuant to the allegations of his complaint he lacks standing because the agreement upon which his claims are based was entered into by Amazing Chiropractic, Inc.  Nor does plaintiff have standing for the alleged damages caused by his patients.  Even if plaintiff were allowed to amend his complaint to add Amazing Chiropractic, Inc., the amendment would be futile because plaintiff fails to claim damages reaching the jurisdictional amount in controversy, $75,000.  Finally, plaintiff failed to properly serve Dex, which is also cause for Dex's dismissal.

The court will grant defendant Padda's motion to dismiss for insufficient process and insufficient service of process (#44, response #49, reply #50).  Plaintiff did not properly serve Padda with a summons and complaint.

THE COURT HEREBY ORDERS that defendant Zev Lagstein's motion to dismiss (#27), defendant R.H. Donnelley Inc., d/b/a Dex's motion to dismiss (#42), and defendant Padda's motion to dismiss for insufficient process and insufficient service of process (#44) are GRANTED.

THE COURT FURTHER ORDERS that defendant Bank of America's motion to dismiss without prejudice (#29) is GRANTED.  Plaintiff shall have 45 days in which to file a second amended complaint adding Amazing Chiropractic, Inc., as a plaintiff.  However, Amazing Chiropractic, Inc., as a corporation, may only appear through counsel.  If a second amended complaint curing the standing issue is not timely filed, the court will dismiss Bank of America with prejudice.

DATED this _____ day of March, 2015.

_____
Lloyd D. George
United States District Judge

2